UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIANGBING LIU,<br><br>               Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>               Defendant. | Case No. CV 19-9435-CAS (JPR)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE |

    On November 1, 2019, Plaintiff, proceeding pro se, filed a Complaint challenging the denial of Social Security benefits. Under the terms of the Court's November 7, 2019 case-management order, which advised Plaintiff of the availability of help from the pro se clinics, Plaintiff's motion for judgment on the pleadings was due March 30, 2020. When Plaintiff neither filed the motion nor requested an extension of time to do so, the Magistrate Judge sua sponte continued the deadline by 60 days given the COVID-19 pandemic and national emergency.

    When Plaintiff again filed nothing by the June 2 deadline, the Magistrate Judge again sua sponte continued the motion

deadline by 60 days. But this time she advised Plaintiff of the need to "request an extension of time before that deadline expires if the motion cannot be filed on time," and she warned Plaintiff that if nothing was timely filed, "the lawsuit may be dismissed for failure to prosecute." The motion or a request for an extension of time was due on August 11, and still nothing has been filed. Indeed, Plaintiff has not communicated with the Court in nine months.

Courts may dismiss lawsuits that are not diligently prosecuted. See Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962); Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam). In determining whether to dismiss a plaintiff's action for failure to prosecute, a court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (citation omitted). Unreasonable delay creates a rebuttable presumption of prejudice to the defendant that can be overcome only with an affirmative showing of just cause by the plaintiff. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth Carey factors militate in favor of dismissal. In particular, Plaintiff has not even attempted to rebut the presumption of prejudice to Defendant. No less drastic sanction is available, as Plaintiff has stopped communicating with the Court, even after it warned that the lawsuit might be dismissed as a result. The Court is

mindful of the pandemic and the difficulties it has caused, but it cannot simply leave hanging on its docket indefinitely a case in which Plaintiff has failed to comply with even the most simple of orders for more than half a year. It has already sua sponte granted four months of extensions but declines to grant another. Although the fourth factor weighs against dismissal — as it does in every case — the other factors together outweigh the public's interest in disposing of the case on its merits. See Long v. Astrue, 416 F. App'x 633, 634 (9th Cir. 2011) (upholding dismissal of Social Security action for failure to prosecute when plaintiff had not served summons and did not show cause for his failure to do so).

Plaintiff has failed to prosecute this action without demonstrating good cause and despite numerous sua sponte extensions, and it must therefore be DISMISSED. LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 31, 2020

*Christina A. Snyder*
CHRISTINA A. SNYDER
U.S. DISTRICT JUDGE